UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| A<small>NN</small> H<small>OLMAN</small>, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | C<small>IVIL</small> A<small>CTION</small> H-05-3830 |
| | § | |
| A<small>PPLIED</small> D<small>RILLING</small> T<small>ECHNOLOGY</small>, I<small>NC</small>., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**M<small>EMORANDUM AND</small> O<small>RDER</small>**

Before the court are motions for partial summary judgment filed by defendant Marine Transportation Services, Inc. (Dkt. 35), defendant Applied Drilling Technology, Inc. (Dkt. 41), and defendant Kerr-McGee Operating Corporation (Dkt. 42). No response has been filed by the plaintiffs. Under the local rules, failure to respond will be taken as a representation of no opposition. Loc. R. 7.4. After considering the motions and the applicable law, the court has concluded that the motions should be GRANTED.

Background

The plaintiffs Donald E. Holman and Ann Holman, his wife, brought this suit under the Jones Act and the general maritime law. Donald E. Holman alleges he was injured on November 10, 2004, while employed as the captain of the M/V ELSIE D in the Gulf of Mexico. The plaintiffs have sued Applied Drilling Technology, Inc., Diamond Offshore Drilling, Inc., Kerr-McGee Oil & Gas Corporation, and Marine Transportation Service, Inc. Ann Holman alleges that she has sustained

non-pecuniary damages as the result of her husband's injury in the form of loss of consortium with her husband, and loss of love, affection, companionship, and assistance of her husband.

### Defendants' Motions for Partial Summary Judgment

The defendants (except Diamond Offshore Drilling, Inc.) seek dismissal of the claims of plaintiff Ann Holman for non-pecuniary damages pursuant to *Miles v. Apex*, 498 U.S. 19, 111 S.Ct. 317 (1990) and cases from the Fifth Circuit extending *Miles* to cases involving non-fatal injuries to Jones Act seamen.

### Summary Judgment Standard

Summary judgment is appropriate when the pleadings and the record show that no genuine issue of material fact exists and, therefore, that the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). Here, there is no dispute over any material fact. The issue before the court is purely an issue of law.

### Discussion

**1.**
**Non-Pecuniary Damages Are Not Recoverable**
**For The Wrongful Death Of A Jones Act Seaman**

In *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32, 111 S.Ct. 317 (1990), the mother of a deceased Jones Act seaman brought a wrongful death action under the general maritime law against a vessel owner and an operator to recover damages for loss of society. *Id.* at 21-22. The issue before

the Supreme Court was whether the seaman's mother could recover such non-pecuniary damages under general maritime law. *Id.* at 22-23. Because the Jones Act and the Death on High Seas Act limit a party's recovery to pecuniary loss, the Court held that there could be no recovery for non-pecuniary loss in an action for the wrongful death of a Jones Act seaman under general maritime law. *Id.* at 32-33. In so holding, the Court emphasized that it was seeking to achieve uniformity in the remedies available to the survivors of deceased Jones Act seamen in wrongful death actions. *Id.* Specifically, the Court stated:

> It would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially created cause of action in which liability is without fault than Congress has allowed in cases of death resulting from negligence. We must conclude that there is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman . . . .

*Id.* at 33.

Therefore, based on *Miles*, the survivors of a deceased Jones Act seaman cannot recover non-pecuniary damages in a wrongful death action under general maritime law.

### 2.
### Fifth Circuit Extends *Miles* To Personal Injury Cases

The Fifth Circuit has extended *Miles* to also bar the recovery of non-pecuniary losses in an action for the personal injury of a Jones Act seaman under general maritime law. *Murray v. Anthony J. Bertucci Construction Co., Inc.*, 958 F.2d 127, 132 (5th Cir. 1992); *Michel v. Total Transportation, Inc.*, 957 F.2d 186, 191 (5th Cir. 1992) (following *Miles* and holding that damages recoverable by the wife of an injured seaman in general maritime law cause of action did not include loss of consortium).

3

In *Murray*, an injured Jones Act seaman sued his employer for negligence under the Jones Act and general maritime law. *Murray*, 958 F.2d at 128. The seaman later amended his suit to add claims on behalf of his wife and children for their loss of society. *Id.* The jury awarded the wife and children damages for loss of society, but on the defendant's motion, the district court struck the award as to the children. *Id.* On appeal to the Fifth Circuit, the employer argued that *Miles* also precluded recovery of non-pecuniary damages in a Jones Act seaman's personal injury action. *Id.* at 129-30. The Fifth Circuit agreed and reiterated the importance of maintaining uniformity in the remedies available to the spouses of injured Jones Act seamen. *Id.* at 131. Specifically, the Court stated:

> . . . [T]he Jones Act limits a seaman's recovery for injury to pecuniary losses and precludes any recovery for nonpecuniary losses, such as loss of society.
>
> The Murrays ask us, therefore, to recognize damages that the general maritime law did not provide before the Jones Act's enactment and that the Jones Act itself did not sanction. We follow *Miles'* reasoning and decline, in this personal injury action, to upset the balance Congress has created in the Jones Act by allowing the recovery of damages Congress did not intend . . . .
>
> \* \* \* \*
>
> The Supreme Court's emphasis in *Miles* on the importance of uniformity in remedies in maritime death cases must apply equally to injury actions.
>
> \* \* \* \*
>
> Therefore, we follow the Supreme Court's lead in *Miles* and hold that the spouse of an injured seaman has no cause of action for loss of society under the general maritime law.

*Id.* at 131-32.

Consequently, under *Murray* and *Michel*, the spouse of an injured Jones Act seaman cannot recover non-pecuniary damages under general maritime law from the seaman's Jones Act employer.

In a recent decision, the Fifth Circuit has further expanded the reach of *Miles* to preclude the recovery of non-pecuniary damages against non-employer defendants. *Scarborough v. Clemco Industries,* 391 F.3d 660, 668 (5th Cir. 2004).

In *Scarborough*, the survivors of a Jones Act seaman sued the seaman's employer and several other third parties for wrongful death under general maritime law. *Id.* at 662. On appeal, the Fifth Circuit was asked to decide whether a Jones Act seaman's survivors could recover non-pecuniary damages against a non-employer third party. *Id.* at 663. The plaintiffs argued that, because a seaman may bring suit under the Jones Act only against his employer, the reasoning in *Miles* and *Murray* did not extend to suits for non-pecuniary damages against non-employer third parties. *Id.* at 667. Relying on the uniformity principle established in *Miles*, the Court held that non-pecuniary damages are not recoverable against non-employer third parties. *Id*. at 668. The Court stated that, although a seaman may only bring suit against his employer under the Jones Act, a general maritime action against a non-employer is sufficiently analogous to a Jones Act action to be limited by *Miles*. *Id.* Specifically, the Court stated:

> The facts in this case are analogous to causes of action brought pursuant to the Jones Act. It would be improper for this court to allow the surviving spouse and heirs of a Jones Act seaman to recover nonpecuniary damages in this case when Congress has disallowed the recovery of identical damages in a Jones Act suit. The genesis of Appellants' claims is maritime through and through. *Miles* plainly limits recovery to pecuniary damages. We will not retreat from the bright line directive of *Miles*. The *Miles* opinion is concerned with uniformity in the damages recoverable by a Jones Act seaman and his survivors, not with uniformity of the types of damages to which various defendants are subjected.

*Id.*

Therefore, based on *Scarborough*, non-pecuniary losses are not recoverable in a general maritime law action against a non-employer defendant.

## Conclusion

Non-pecuniary damages are not recoverable by the plaintiff Ann Holman under the Jones Act or the general maritime law in this case and must be dismissed.

Therefore, the defendants' motions for partial summary judgment are GRANTED and the non-pecuniary damages claims of the plaintiff Ann Holman for loss of consortium and loss of her husband's love, affection, companionship, and assistance are DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on January 18, 2007.

_____
Gray H. Miller
United States District Judge