### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| ANN HOLMAN, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-05-3830 |
| | § | |
| APPLIED DRILLING TECHNOLOGY, INC., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is the defendants' motion for summary judgment.  Dkt. 49.  No response has been filed by the plaintiffs.  Upon consideration of the motion, the summary judgment evidence, and the applicable law, the court has concluded that the motion should be GRANTED.

### BACKGROUND

The plaintiff Donald E. Holman[1] claims he was injured on November 10, 2004, when he was exposed for approximately two and one half hours to an unknown "noxious" substance.  Holman smoked two packs of cigarettes a day for 51 years.  He was diagnosed with Chronic Obstruction Pulmonary Disease ("COPD") in 2000.  In 2001, he suffered a warning stroke and finally quit smoking.  As a result of the stroke, he had a cardiac catheterization and was diagnosed with Coronary Artery Disease ("CAD").  Holman's condition worsened into early 2004, when he suffered a bout of acute bronchitis, exacerbating his COPD.  And, in June 2004, his doctor recommended that Holman get a carotid ultrasound with the possibility of bypass surgery to follow.

On November 10, 2004, Holman was captain of the ELSIE D, assigned to the OCEAN

---

[1]  Ann Holman's claims were dismissed on January 18, 2007, leaving Donald E. Holman as the sole remaining plaintiff.  Dkt. 43.

COLUMBIA at High Island 119.  When Holman arrived at the rig to take on personnel, he got a "mouthful" of a substance being released from the OCEAN COLUMBIA that, based on the taste, may have been oil.  Holman has no recollection of whether he swallowed the substance.  However, he experienced no immediate effects from the contact.  In fact, he did not report the incident to his employer, co-workers, or the Coast Guard.  He requested no medical attention and performed the rest of his 14-day hitch, and his following 14-day hitch in December without incident.  Despite being hospitalized in January 2005, Holman did not mention the incident to his doctor until May of 2005—two months after the doctor found Holman to be totally and permanently disabled due to his COPD and CAD.  After Holman described his contact with the allegedly noxious substance, his doctor made no changes to Holman's course of care.

Holman brought suit against his employer Marine Transportation Services, Inc. ("MTS") for negligence pursuant to 46 U.S.C. § 688—the Jones Act—and a failure to provide a seaworthy vessel under the general maritime law.  Additionally, Holman brought negligence claims against Applied Drilling Technology, Inc. ("ADT"), Diamond Offshore Drilling, Inc. ("DOD"), and Kerr-McGee Operating Corporation ("KMG").  He asks for one million dollars in damages for pain and mental anguish due to the severe and disabling injuries he has alleged.

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *see also Christopher Village, L.P. v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999).  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly

2

supported motion for summary judgment, there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001), *cert. denied*, 122 S.Ct. 347 (2001). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then they are not entitled to a summary judgment and no defense to the motion is required. *Id.*

"For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting FED. R. CIV. P. 56(e)). When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in favor of the non-movant. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 163-64 (5th Cir. 2006). The court must review all of the evidence in the record, but make no credibility

determinations or weigh any evidence. *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 993 (5th Cir. 2005). However, the nonmovant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *See TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc).

ANALYSIS

The defendants move the court for summary judgment because Holman has not demonstrated the requisite causation between the exposure and his alleged injuries. Moreover, they argue that even if he could show causation, the court should grant summary judgment because Holman cannot show that he was damaged. The court agrees.

**A.     Negligence**

      1.     <u>Jones Act Negligence</u>

"The burden to prove causation in a Jones Act case is 'very light' or 'featherweight.'" *In re Cooper/T. Smith*, 929 F.2d 1073, 1076 (5th Cir. 1991) (*citing Landry v. Two R. Drilling Co.*, 511 F.2d 138, 142 (5th Cir.1975)). "Under the Jones Act, a defendant must bear the responsibility for any negligence, however slight, that played a part in producing the plaintiff's injury." *Id.* at 1076-77. (*citing Landry v. Oceanic Contractors, Inc.*, 731 F.2d 299, 302 (5th Cir.1984)). "Although in Jones Act cases a 'jury is entitled to make permissible inferences from unexplained events,' summary judgment is nevertheless warranted when there is a complete absence of proof of an essential element of the nonmoving party's case." *Id.* at 1077. (*quoting Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir.1987)). "The movant may discharge his burden by demonstrating that if the case went to trial there would be no competent evidence to support a judgment for his

4

opponent." *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (*citing Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1196 (5th Cir. 1986) (internal citation omitted)).

In spite of the "featherweight" quality of the burden on the plaintiff, the court finds Holman has failed to meet that burden. The only evidence present in the record regarding causation consists entirely of two unsubstantiated statements. For the first statement, Holman offers his own deposition statement that getting the "stuff" in his mouth later affected his breathing. Dkt. 49, Ex. A, at 102. However, also in his deposition, he admits that he had no immediate effects from his exposure. *Id.* at 117. Also, he offers the deposition of his treating physician, Dr Dent. Dr. Dent testified that in May of 2005, Holman reported that he had been exposed for 2-1/2 hours to an unknown substance the preceding November. Dkt. 49, Ex. B at 36. Dr. Dent testified that Holman felt his breathing had worsened after the exposure. *Id.* at 38. And, Dr. Dent testified that "[i]t's certainly possible that it did" aggravate his condition. *Id.* at 43 (emphasis added). But, Dr. Dent did not believe that there was any test that could assess the alleged changes because Holman's breathing was already profoundly obstructed. *Id.* at 38, 40. Moreover, Dr. Dent also testified that although Holman came to see him in February of 2005, his symptoms had not changed from his last visit in July of 2004. *Id.* at 31. In fact, even when Holman described his exposure in May of 2005, Dr. Dent did not change his treatment in any way. *Id.* at 43. Therefore, the only evidence in the record before the court consists entirely of Holman's subjective feeling that the exposure negatively impacted his breathing. Moreover, the defendants have offered expert medical testimony that Holman's breathing problems are the result of the natural progression of his COPD and CAD aggravated by over 50 years of smoking two packs of cigarettes per day. *See generally* Dkt. 49, Ex. E. Therefore, the defendants have met their burden to demonstrate that there is no competent evidence to support a judgment for

Holman.   Accordingly, the court will grant the defendants' motion for summary judgment on Holman's Jones Act negligence claim against MTS.

    2.    <u>Common Law Negligence</u>

    Common law negligence has three elements; (1) a legal duty; (2) a breach of that duty; and (3) damages proximately caused by that breach. *Aleman v. Ben E. Keith Co.*, ___ S.W.3d ___, 2007 WL 1028989,at *3 (Tex.App.–Houston [1st. Dist.] 2007).  "Proximate cause requires both cause in fact and foreseeability." *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002).  An occurrence is foreseeable if a person of ordinary intelligence should have anticipated the dangers to others his act creates, even if not the precise manner of the danger. *Id.*  "Cause in fact means that the defendant's act or omission was a substantial factor in bringing about the injury which would not otherwise have occurred." *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 775 (Tex. 1995).  "Numerous Texas cases have held that expert testimony is required to establish causation of injury from exposure to toxic substances." *Qualls v. State Farm Lloyds*, 226 F.R.D. 551, 557 (N.D. Tex. 2005).  "Expert testimony is particularly necessary in chemical-exposure cases, in which medically complex diseases and causal ambiguities compound the need for expert testimony." *Brookshire Bros., Inc. v. Smith*, 176 S.W.3d 30, 36 (Tex.App.–Houston [1st Dist.] 2004).  Since the court finds that Holman cannot meet his burden to show causation on his Jones Act negligence claim, and the burden to show causation to prevail on a common law negligence claim is heavier than the burden to show causation in a Jones Act negligence claim, the court also finds that Holman cannot meet his burden to show causation for his negligence claims against ADT, DOD, and KMG.  Accordingly, the court will grant the defendants' motion for summary judgment on those claims.

**B.      Unseaworthiness**

In addition to Jones Act negligence, Holman claims that MTS failed to provide him with a seaworthy vessel, proper and sufficient tools and appliances, and a safe place to live and work. Specifically, he argues that despite his request to MTS, the ELSIE D was not equipped with a shield to protect its crew from discharges such as the one that came in contact with Holman. "There is a more demanding standard of causation in an unseaworthiness claim than in a Jones Act negligence claim." *Johnson v. Offshore Exp., Inc.* 845 F.2d 1347, 1354 (5th Cir. 1988). "To establish the requisite proximate cause in an unseaworthiness claim, a plaintiff must prove that the unseaworthy condition played a substantial part in bringing about or actually causing the injury and that injury was either a direct result or a reasonably probable consequence of the unseaworthiness." *Id.* (*citing Smith v. Trans-World*, 772 F.2d 157, 162 (5th Cir. 1985); *Alverez v. J. Ray McDermott & Co., Inc.*, 674 F.2d 1037, 1042-43 (5th Cir. 1982)). Holman has not met his burden to show causation in his Jones Act negligence claim. Therefore, he also cannot meet the higher causation burden for his unseaworthiness claim against MTS. Accordingly, the court will grant MTS's motion for summary judgment on this claim.

CONCLUSION

Before the court is defendants' motion for summary judgment. Dkt. 49. For the foregoing reasons, the court GRANTS the motion.

Signed at Houston, Texas on May 31, 2007.

_____
Gray H. Miller
United States District Judge